■ In the Matter of ROOSEVELT FARRELL, Respondent, v. NEW YORK CITY POLICE DEPARTMENT, Appellant.— Judgment, Supreme Court, New York County, after trial to a jury, entered July 6, 1972, unanimously reversed, on the law, and petition dismissed, without costs and without disbursements. Order, Supreme Court, New York County, entered October 21, 1971, unanimously reversed, on the law, and without costs and without disbursements. By the order, a jury trial was directed of petitioner-respondent's claim that he was

improperly dismissed from respondent-appellant Police Department, on the basis of the report of the department's medical expert that petitioner was physically unfit. There was a substantial and rational evidentiary basis for the finding of unfitness, beginning with petitioner's concealment, when he applied for appointment as a policeman, that the military had classified him 4-F on his own insistence of physical disability. The concealment itself is rationalized by petitioner's claim that, when he applied to respondent department, he was still classified 1-A but that his appeal from that status had not yet been decided. Though there was conflicting medical evidence as to petitioner's condition after probationary appointment as a policeman, there was sufficient to the effect that he suffered the same disabling condition, which had caused military rejection, to justify rejection by respondent department. And, of this the head of that department is the final judge, if the decision is based on proper evidence. (*McCabe* v. *Hoberman*, 33 A D 2d 547; *Matter of Going* v. *Kennedy*, 5 A D 2d 173.) That being so, there was no issue for trial, and the petition should have been dismissed as a matter of law. This appeal has automatically brought up for review the intermediate order (CPLR 5501, subd. [a]). Both that order and the later judgment after trial must be reversed. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Lane, JJ.